UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**<br><br>    Plaintiff,<br><br>    v.<br><br>**DOES 1-27,**<br><br>    Defendants. | **Case No.**<br><br><br>**September 5, 2014** |

**COMPLAINT AND JURY DEMAND**

Plaintiff, complaining of the Defendants alleges:

**Nature of the Action**

1.      This is a suit for copyright infringement based on Defendants' unauthorized reproduction and distribution of copies of the Academy award-winning motion picture *Dallas Buyers Club* over the Internet, using the file-sharing protocol BitTorrent.

**The Parties**

2.      Plaintiff Dallas Buyers Club, LLC ("DBC" or "Plaintiff") is a Texas Limited Liability Company whose members are the producers of *Dallas Buyer Club* and who are citizens of Texas and California respectively.

3.      Upon information and belief, Defendants are citizens of the State of Connecticut and residents of this District who have used computers in this District to reproduce and distribute unauthorized copies of *Dallas Buyers Club* over the Internet as part of the same BitTorrent "swarm."

4. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ("ISP"), the date and time at which the infringing activity of each Defendant was observed, and the registered location of the computer used by the Defendant at that time. Information to be obtained in discovery from Defendants' ISPs will lead to the identification of each Defendant's true name and permit Plaintiff to amend this Complaint accordingly.

5. Specifically, Plaintiff wants to subpoena the ISPs that assigned the IP addresses used by each Doe Defendant in order to learn the identity of the subscriber for those accounts. Upon discovery of each subscriber's name, Plaintiff intends to seek further discovery from those individuals to determine the identity of the parties responsible for the infringement. In each case the party can only be the subscriber, subscriber's household member(s) or other user of the subscriber's computer.

**Jurisdiction, Venue and Joinder**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because plaintiffs claims are for violation of the Copyright Law of the United States, 17 U.S.C. § 101 *et seq*.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1400(a) because defendants reside in the District of Connecticut and the State of Connecticut and committed their infringing acts in this District, and because Defendants can be found in this District.

8.      Joinder of the defendants in this action is proper because Plaintiff's claims against the Doe Defendants arise out of the same transaction, occurrence, and/or series of transactions (*i.e.*, the joint unauthorized reproduction and distribution of the same copy of *Dallas Buyers Club* as part of the same BitTorrent swarm) and questions of law and/or fact with regard to Plaintiff's claims are common to all Doe Defendants.

**Allegations of Copyright Infringement**

9.      DBC is the copyright owner of the critically acclaimed motion picture *Dallas Buyers Club*.

10.     *Dallas Buyers Club* was duly registered in the United States Copyright Office. A copy of the certificate of copyright registration is annexed as Exhibit 2.

11.     *Dallas Buyers Club* stars Matthew McConaughey and Jared Leto, each of whom won an Academy Award for his performance in the motion picture, Mr. McConaughey for best actor and Mr. Leto as best supporting actor. *Dallas Buyers Club* won the 2013 Oscar for Best Makeup and Hairstyling and was nominated for Best Picture, Best Original Screenplay and Best Editing.

12.     *Dallas Buyers Club* is widely available for both purchase and rental at such outlets as redbox, iTunes and Amazon.

13.     In violation of the Copyright Law, Defendants reproduced and distributed *Dallas Buyers Club* using the BitTorrent protocol without permission of DBC, the copyright owner.

14.     The BitTorrent protocol enables even computers with limited capacity and slow Internet connection to exchange large files such as motion pictures. It enables users to: 1) make files (including motion pictures) stored on a user's computer available for copying by other

users; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another over the Internet.

15. BitTorrent works basically as follows.  The initial file-provider intentionally makes a digital file, which can be a motion picture, available for others to download.  That initial file is called a "seed."  At the time of seeding, each seed file is given a unique identifier known as a "hash."  The presence of the hash makes it possible to identify identical copies of the same file for download.  It also makes it possible to identify computers that have participated in the copying of the same seed file.

16. Once the seed file is available, other users ("peers") connect to the seed file to download it onto their computers. As additional peers request the same file, each additional peer becomes a part of the network from which the file can be downloaded.  Each new file downloader receives a different piece of the data from each peer who already has downloaded that file.  A group of peers who have exchanged pieces of the same file is referred to as a "swarm."

17. Every peer who obtains a copy of infringing material using BitTorrent intentionally also becomes a source for others copy to that infringing file.  Because of the nature of a BitTorrent protocol, any peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer, so long as he is online at the time the subsequent peer downloads a file.  There is substantial peer pressure to remain online and continue to make files available for others to download.  Users who download more than they upload are referred to as "leeches" and can have their download speeds reduced.

18. The BitTorrent End User License Agreement ("EULA") (http://www.bittorrent.com/legal/eula ) states as follows:

> Automatic Uploading: The Software accelerates downloads by enabling your computer to grab pieces of files from other BitTorrent users simultaneously. Your use of the Software to download files will, in turn, enable other users to download pieces of those files from you, thereby maximizing download speeds for all users. In the Software, only files that you are explicitly downloading or sharing or have downloaded or shared through BitTorrent will be made available to others. You consent to other users' use of your network connection to download portions of such files from you.

19. Upon information and belief, Defendants each initiated his or her infringing conduct by first intentionally connecting and logging into a BitTorrent client application (such as uTorrent or Vuze ). A BitTorrent client application is software that allows users to easily seed files or to search for and download files using the BitTorrent protocol.

20. Each Defendant then used his BitTorrent client application to search for and then intentionally copy the file at issue in this case, *Dallas Buyers Club*, hash identifier SHA1: 9DE63BACB65CE4BBB853F57D4843410D1F09FFBD.

21. As *Dallas Buyers Club* was copied to each Defendant's computer, each Defendant also distributed *Dallas Buyers Club* by making the downloaded pieces available to all other BitTorrent users seeking *Dallas Buyers Club*.

22. After each downloaded his or her infringing copy, each Defendant continued, and upon information and belief continues, to make that infringing copy available for copying by other BitTorrent users.

23. Each Defendant is a member of a single swarm responsible for infringing by reproducing and distributing *Dallas Buyers Club*, Hash SHA1:

9DE63BACB65CE4BBB853F57D4843410D1F09FFBD without Plaintiff's consent, between March 11, 2014 and June 22, 2014.

24. Defendants acted jointly in that they each copied pieces of the same infringing file from each other and each supplied portions of the same infringing file to others for copying.

25. Internet access is provided through subscription accounts with ISPs. The ISP assigns each subscriber a unique Internet Protocol ("IP") address. BitTorrent users must route their activities through the IP address associated with the subscriber's account assigned by the ISP. Plaintiff's investigations have revealed the particular date and time at which the infringing activity of each Defendant was observed as occurring through each identified IP address. A summary of this information is provided in the attached Exhibit 1 and includes the subscribers' IP addresses, the ISPs that assigned each IP address and with which the subscriber has an account, the date and time at which the infringing activity occurred, the hash file the infringer uploaded and/or downloaded, and the location of each subscriber account and IP address at the time of the infringement as determined by geolocation technology. As shown, all of the infringing activity identified in Exhibit 1 occurred through IP addresses located in this District.

**The Willful Nature of the Infringements**

26. *Dallas Buyers Club* includes a copyrighted notice informing viewers that it is a copyrighted work and that reproduction or distribution of the work without permission of DBC is unlawful.

27. Numerous press and other reports concerning "file sharing" in general and the BitTorrent protocol have warned that uploading and downloading of files "for free" on the Internet without the permission of the copyright owner is unlawful.

28. The terms of each service agreement and acceptable use policy for each of the respective ISPs specifically state that the subscriber is not to use the service to infringe copyright and that the subscriber will be liable for any and all use of the subscriber's IP address, including violation of copyright laws, by any and all users of the subscription account and IP address.

29. The terms of service for the various BitTorrent client software applications similarly contain express provisions restricting use of the service, and provide ample notice that the software is not to be used to infringe the intellectual property rights of third parties. An example is the Vuze Terms of service http://www.vuze.com/corp/terms.php .

30. Defendants infringements were and are willful and intentional in that, despite the numerous warnings identified above, and instead of obtaining a copy of *Dallas Buyers Club* from authorized sources, Defendants intentionally used BitTorrent to download and upload unauthorized copies "for free."

31. Unless enjoined by this Court, Defendants will continue their infringing conduct.

32. Defendants' copyright infringement is damaging Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from further infringement, Plaintiff will continue to suffer irreparable injury, for which Plaintiff is without adequate remedy at law.

**Demand For Relief**

WHEREFORE, Plaintiff demands:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained from reproducing or distributing or otherwise

exploiting *Dallas Buyers Club* using the BitTorrent protocol or any other method, except pursuant to a lawful license or with the express authority of Plaintiff;

II. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be directed to destroy all copies of *Dallas Buyers Club* that Defendants have downloaded onto any computer hard drive, flash drive, server or other storage device without Plaintiff's authorization and to destroy all copies of *Dallas Buyers Club* transferred onto any physical medium or device in each Defendant's possession, custody, or control.

III. That Defendants be ordered to pay damages in an amount to be determined at trial and all profits attributable to the infringement that are not taken into account in computing the actual damages;

IV. That Defendants be ordered to pay such statutory damages as to this Court shall appear just as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) with respect each infringing work;

V. That each statutory damage award be increased to $150,000 in accordance with 17 U.S.C. § 504(c)(2), based on Defendants' willful infringement.

VI. That Defendants' be ordered to pay the costs of this action, such costs to include a reasonable attorney's fee; and

VII. That the Court award Plaintiff such other and further relief as may be just and proper.

Dated: September 5, 2014

                                                                              OSTERBERG LLC

By: _____
       Eric C. Osterberg (ct22679)
       1266 East Main Street, Suite 700R
       Stamford, Connecticut 06902
       Phone: (203) 539-6135
       eosterberg@osterbergllc.com
       *Attorney for Dallas Buyers Club, LLC*

**Jury Demand**

Plaintiff demands trial by jury of all issues so triable.

        OSTERBERG LLC

By: _____
Eric C. Osterberg (ct22679)
1266 East Main Street, Suite 700R
Stamford, Connecticut 06902
Phone: (203) 539-6135
eosterberg@osterbergllc.com
*Attorney for Plaintiff Dallas Buyers Club, LLC*