UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-27,<br><br>    Defendants. | Case No.  3:14-cv-01281-SRU<br><br>November 21, 2014 |

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA FOR THE PLAINTIFF'S PRESUMPTION OF FACTS (Dkt. # 12)**

Plaintiff Dallas Buyer's Club, LLC ("DBC" or "Plaintiff") respectfully submits this memorandum in opposition to the John Doe "Motion to Quash Subpoena For The Plaintiff's Presumption of Facts" (Dkt. # 12).

**I.      Introduction**

Defendant's motion to quash the subpoena served on Defendant's ISP should be denied because the Court already granted DBC permission to subpoena the Doe defendants' identities from their ISPs, and it is well-established that accused copyright infringers do not have free speech or other interests sufficient to overcome a copyright owner's need to identify them in litigation.

**II.     Pertinent Facts**

DBC is the copyright owner of the academy award winning motion picture *Dallas Buyers Club*. (Dkt. #1, Compl. ¶¶ 9-11; Compl. Ex. 2.)  In an effort to halt the rampant piracy of its copyrighted work, DBC engaged Crystal Bay Corporation ("CBC") to identify unauthorized

copying of *Dallas Buyers Club* over the Internet using the BitTorrent protocol. (Dkt. #6-2, Macek Decl. ¶ 4.)

CBC employs software and other means to identify and track infringement by BitTorrent users. (Macek Decl. ¶¶ 11-12.) CBC was able to identify specific infringements, and to precisely identity the file each Doe Defendant copied, the IP address assigned to each Doe Defendant's computer by his or her ISP, the date and the time at which the infringing activity of each Defendant was observed, and the town in which the subscriber was located at the time. (*Id*. ¶¶ 12-18.) CBC was not, however, able to obtain the names and precise addresses of the Doe Defendants, because that information is not used or shared on BitTorrent. (*Id*. ¶ 19.)

Accordingly, DBC sought, and the Court granted, permission to subpoena names and addresses from the Doe Defendants' Internet Serves Providers ("ISPs"), so that DBC could name them as defendants, serve them with process, and move this lawsuit forward. (Dkt. ##6-7.) DBC then subpoenaed the ISPs. The ISPs, in turn, notified their subscribers and offered them an opportunity to object to the subpoenas. Defendant now seeks to quash the subpoena served on Charter Communications, as it relates to him, on the ground that DBC is improperly presuming facts. (Dkt. #12 at 1.)

### III.     Argument

The Court already ruled that DBC could subpoena defendants' ISPs to learn defendants' identities. (Dkt. ##6-7.) Consistent with this Court's ruling, case law establishes that Doe defendants in copyright infringement cases cannot prevent plaintiffs from learning their identities.

In *reFX Audio Software, Inc. v. Does 1-89*, another case involving copyright infringement using BitTorrent, Chief Judge Hall denied a Doe defendant's motion to quash a subpoena served on his ISP, and addressed both First and Fourth Amendment contentions raised by the defendant. Judge Hall wrote:

> "As for the unknown subscribers' arguments regarding the First and Fourth Amendment, the court finds neither persuasive. Based on the test set forth in *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004), the court concludes that any First Amendment right of the unknown subscribers to speak anonymously is outweighed by the need for disclosure. *See, e.g., John Wiley & Sons, Inc. v. John Does Nos. 1-35*, 2012 WL 6732906, at *3-4 (S.D.N.Y. Dec. 28, 2012). As for Doe 17's claim that the subpoena violates his/her Fourth Amendment rights, the Second Circuit has held that "Fourth Amendment protection from subpoenas duces tecum [are] narrowly limited to overbreadth and indefiniteness." *In re Grand Jury Subpoena Duces Tecum Dated May 29, 1987*, 834 F.2d 1128, 1134 (2d Cir. 1987). The subpoenas at issue are neither overbroad nor indefinite.

*reFX Audio Software, Inc. v. Does 1-89* 3:13-cv-00322-JCH, Dkt. #23, 08/22/1313. *See also reFX Audio Software, Inc. v. Does 1-145*, Case 3:13-cv-00207-JCH, Dkt. #26, 07/18/13; *John Wiley & Sons, Inc. v. Does Nos. 1-27*, No. 11 CIV. 7627 WHP, 2012 WL 364048, at *2 (S.D.N.Y. Feb. 3, 2012)(Doe defendant motion to quash subpoena to ISP denied where subpoena sought names of individuals believed to have infringed copyrights); *accord Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008)(learning the true identities of the individuals alleged to have violated Plaintiffs' copyrights is essential to prosecution of the litigation).

Examining the factors identified in *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) further compels the conclusion that the motion should be denied.  In *Sony*, the court identified five factors courts should consider when considering a motion to quash

a subpoena seeking identification of defendants in a copyright infringement case. Those five factors are: (1) whether there is a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the moving party's expectation of privacy. Each of those five factors supports disclosure of Defendant's identity.

The first factor favors disclosure because DBC has alleged a copyright infringement claim against the Doe Defendants based on their unauthorized copying. *See Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 565 (S.D.N.Y. 2004). The specificity factor also favors DBC, because DBC seeks identifying information about particular ISP subscribers, based on the specific times and dates when they downloaded *Dallas Buyers Club*. *Id*. at 566. As described in the motion seeking permission to serve the subpoenas, there is no other way to discover the identities of the defendants; only the ISPs are able to correlate the IP address information with defendant's identities. (Macek Decl. ¶ 19.) Thus, the third factor favors DBC. As Judge Arterton explained in *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) there is a central need for the subpoenaed information to advance the claim because plaintiff cannot proceed without identification of the defendants. Therefore, the fourth factor favors DBC also. Finally, the fifth factor favors DBC because Defendant has no legitimate expectation of privacy with respect to his BitTorrent activities. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."); *see also Guest v. Leis,* 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do

not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178-80 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment).

Defendant's motion is circumspect.  Defendant doesn't actually deny that he illegally copied *Dallas Buyer's Club*.  Rather he contends that there is insufficient evidence showing that he did.  Whether he will ultimately be proven guilty is, however, irrelevant at this stage.  The question at this stage is only whether the information DBC seeks from Charter Communications is reasonably likely to lead to the discovery of admissible evidence.  *See John Wiley & Sons, Inc. v. John Does Nos. 1-35*, No. 12 CIV. 2968 RWS, 2012 WL 6732906, at *3 (S.D.N.Y. Dec. 28, 2012)("While it is possible that Doe No. 25's ex-husband carried out the allegedly infringing activity attributed to her in the Complaint, at this stage of the litigation, the assertion has little bearing on whether Plaintiff's request [is] for relevant and otherwise discoverable information."); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit).  Furthermore, even if Defendant was not "the person who accessed his computer at the time of these alleged acts", he may still be liable for copyright infringement for a number of other reasons, and therefore the subpoena is proper.  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

## IV. Conclusion

For the foregoing reasons, the Court should deny Defendant's motion to quash the subpoena served on Charter Communications.

Dated: November 21, 2014

                                                 OSTERBERG LLC

By: /s/ Eric C. Osterberg
Eric C. Osterberg (ct22679)
1266 East Main Street, Suite 700R
Stamford, Connecticut 06902
Phone: (203) 539-6135
eosterberg@osterbergllc.com
*Attorney for Dallas Buyers Club, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 21, 2014, a copy of the foregoing document was filed electronically on the Court's CM/ECF System and mailed to the moving defendant at the address listed on the motion:  John Doe c/o 2 Terrance Pl., Danbury, CT  06810.

                                                /s/ Eric C. Osterberg
                                                Eric C. Osterberg