UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DALLAS BUYERS CLUB, LLC,
    Plaintiff,

v.                                           No. 3:14-cv-1281 (SRU)

DOES 1-27,
    Defendants.

## RULING AND ORDER
## DENYING DEFENDANT'S MOTION TO QUASH

Plaintiff Dallas Buyers Club, LLC ("DBC"), brought this action against twenty-seven Doe defendants for copyright infringement. Compl. ¶ 1. DBC, owner of the copyright for the film *Dallas Buyers Club*, alleges that the defendants utilized BitTorrent to reproduce and distribute copies of the film without authorization. *Id.* ¶¶ 1, 3.

Although DBC could not identify the names of the defendants, it identified the IP addresses and registered computer location for each defendant, as well as the date and time of the alleged infringement. *Id.* ¶ 4; *Id.*, at Ex. 1. DBC then moved to conduct discovery prior to engaging in a Rule 26(f) conference, requesting that it be allowed to serve third-party subpoenas to the Doe defendants' internet service providers ("ISPs"). Pl.'s Mot. Pre-Conf. Discov. 1 (doc. 6). I granted that motion (doc. 8), and DBC began serving subpoenas on the ISPs for each Doe defendant. One of those defendants then moved to quash a subpoena served on his ISP, Charter Communications, Inc. (doc. 12), arguing that DBC had failed to allege facts indicating that the defendant, as opposed to another individual, had engaged in conduct that infringed DBC's copyright. DBC opposed the motion to quash (doc. 16).

In determining whether to quash a subpoena seeking identifying information from ISPs regarding subscribers who are parties to litigation for copyright infringement, the Second Circuit

requires district courts to evaluate the following factors: (1) whether the plaintiff has articulated a prima facie claim for actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. *Arista Records v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Ent. Inc. v. Does 1–40*, 326 F. Supp. 2d, 556, 564–65 (S.D.N.Y. 2004)). The defendant argues that DBC has failed to state a prima facie claim for copyright infringement because DBC alleges that *someone* utilizing the IP address in question infringed on its copyright, but it has not offered specific facts that this particular defendant did so.

In order to bring a prima facie claim of copyright infringement, a plaintiff must plead (1) that its work is protected by a valid copyright; (2) that the defendant copied constituent elements of the work that are original; and (3) that the copying was wrongful. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). After setting forth a plausible prima facie claim, however, DBC has no additional duty, at the pleading stage, to plead particularized facts for each individual who may have used an infringing IP address. *Arista Records*, 604 F.3d at 119–23. Even if the IP address owner is not the direct infringer, he may be liable if he knew or should have known of the direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Arista Records*, 604 F.3d at 117–18 (citing with approval *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001)); *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

DBC has articulated a specific and tailored request for authorization to serve third-party subpoenas, and it has demonstrated that it has no alternative means with which to identify and

properly serve the Doe defendants.  Additionally, the defendant's expectation of privacy regarding his IP address is outweighed by the plaintiff's seemingly valid claims for copyright infringement.  *See Arista Records*, 604 F.3d at 124.

Accordingly, the defendant's Motion to Quash is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 3rd day of February 2015.

      /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge