# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

DALLAS BUYERS CLUB, LLC,
    Plaintiff,

v.                                               No. 3:14-cv-1281 (SRU)

DOES 1-27,
    Defendants.

# RULING AND ORDER
# DENYING DEFENDANT'S MOTION TO PROCEED IN FICTITIOUS NAME

Plaintiff Dallas Buyers Club, LLC ("DBC") has brought suit against twenty-seven Doe defendants, alleging that the defendants utilized BitTorrent to reproduce and distribute copies of a film, *Dallas Buyers Club*, for which DBC owns the copyright. Compl. ¶ 1, 3. At the time it filed its complaint, DBC had identified the IP addresses and registered computer location for each infringer, as well as the date and time of the alleged infringement. *Id.* ¶ 4; *Id.*, at Ex. 1. DBC then moved to conduct pre-conference discovery in order to identify and serve the defendants (doc. 6). I granted that motion (doc. 8), and DBC began serving internet service providers ("ISPs") with subpoenas.

After receiving notification from his ISP that identifying information would be provided to DBC, Doe 6 moved to proceed in fictitious name and to quash DBC's subpoena (doc. 10).[1] Doe 6 argues that because he has many internet users at his IP address, he was unaware that anyone using his IP address had engaged in copyright infringement. Def. Doe 6's Mot. to Proceed Fictitiously 1. He further argues that in "today's digital era it would be very easy to steal my information and damage my credit and reputation." *Id.*

---

1. Because Doe 6 appears to have filed his motion *pro se*, I liberally construe his pleadings and interpret them to "raise the strongest arguments" that they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

## I. Motion to Quash

Doe 6's motion to quash is DENIED for substantially the same reasons as provided in my previous Order and Ruling Denying Defendant's Motion to Quash (doc. 17). Doe 6 has not raised any facts or arguments that deviate from his co-defendant's prior filing, nor does he articulate a qualifying privacy interest that outweighs DBC's valid claims for copyright infringement.

## II. Motion to Proceed Anonymously/ In Fictitious Name

The Second Circuit has indicated that because of a strong interest in allowing the public access to, and scrutiny of, the judicial process, district courts begin review of requests for anonymity with a presumption against anonymous or pseudonymous pleading. *Sealed Pl. v. Sealed Def.*, 537 F.3d 185, 188–89 (2d Cir. 2008); *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995); Fed. R. Civ. P. 10(a); *see also Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the courtroom is public property"). The Second Circuit has allowed litigants to proceed under a fictitious name under certain limited exceptions to the presumption of named pleadings. Those circumstances have included protecting the identity of a child, *Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999); accommodating sensitive and personal topics such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children, *So. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979); and protecting the anonymous party or an innocent third party from physical or psychological retaliation, *Sealed Pl.*, 537 at 190 (citing with approval *Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068, 1071 (9th Cir. 2000) and *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). A hostile reaction to a lawsuit, without evidence of greater threats, is an

insufficient basis upon which to grant anonymity. *Sealed Pl.*, 537 at 190 (citing with approval *Stegall*, 653 F.2d at 186)).

The Second Circuit has instructed district courts to balance "the party's need for anonymity" against "prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 189–90 (adopting the standard set forth in *Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). To aid that evaluation, a district court must weigh the following non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [requesting anonymity] or even more critically, to innocent non-parties; (3) whether the injury litigated against would be incurred as a result of the disclosure of the [party's] identity; (4) whether the [party seeking anonymity] is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the [non-anonymous party] is prejudiced by allowing the [party seeking anonymity] to press its claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the [party seeking anonymity's] identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Pl.*, 537 F.3d at 190 (internal citations and quotations omitted).

Doe 6's request fails to overcome the public interest in maintaining open access to the courts. The case does not involve information of a personal or intimate nature, there is no indication that disclosure of Doe 6's identity will spurn serious retaliation or incur further injury, nor is Doe 6 a child or other litigant in need of specialized protections. Further, this lawsuit is between private parties and does not involve unique issues of law.

Doe 6 has raised two bases for proceeding anonymously—that there is reputational harm from being named in a lawsuit, and that Doe 6 worries his identity may be stolen if his name is disclosed to the public. The first concern militates towards public disclosure, as Doe 6 has not identified any reason why he is a unique plaintiff or subject to unique harms compared to other individuals alleged to have infringed a copyrighted work. Doe 6's second concern is both vague and improbable. If Doe 6 obtains counsel, only his name will be disclosed. It is highly likely that Doe 6's name is already publicly disclosed on the internet, and he does not identify how listing his name in this litigation would expose him to identity theft. If Doe 6 continues to appear pro se, he will be required to provide an address for service of pleadings, but that address need not be his home address. In the absence of allegations or evidence supporting Doe 6's request to proceed anonymously, his request is denied without prejudice.

It is so ordered.

Dated at Bridgeport, Connecticut, this 3rd day of February 2015.

    /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge